IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WEIJIE TANG                                                              PETITIONER

V.                                                     Cause No. 5:26-cv-00410-DCB-BWR

RAFAEL VERGARA                                                          RESPONDENT

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

pro se by Weijie Tang, a former immigration detainee, and Respondent's Motion to

Dismiss for Mootness [9]. Petitioner is a native and citizen of China who, in August

2025, an immigration judge ordered removed from the United States to China. IJ

Order [9-2] at 3-6. Petitioner waived appeal. DHS Declr. [10-3] at 2. In the Petition,

received April 29, 2026, Petitioner argued that his detention violated his right to due

process and warranted his release. Pet. [1] at 6-7.

On June 15, 2026, Respondent Warden Rafael Vergara responded to the

Petition by filing a Motion to Dismiss for Mootness. Mot. [9]. Respondent filed the

Declaration of Eric A. Cook, Supervisory Detention and Deportation Officer with the

Department of Homeland Security ("DHS"), who attests that Petitioner was removed

from the United States to China on June 1, 2026. *Id.* at 1-2.

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be

redressed by a favorable judicial decision" *Id*. The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from DHS custody and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

## RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice for lack of jurisdiction because it is moot.

## NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of

the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this 15th day of June 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3